IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:00-CR-202-HEH |
| | ) | |
| ALBERT H. DOLES, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
**(Granting Defendant's Motion for Compassionate Release)**

This matter is before the Court on Albert H. Doles' ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (as amended) ("Motion," ECF No. 58), filed on September 25, 2020.[1] Due to his severe medical conditions and the threat posed by the novel coronavirus ("COVID-19"), Defendant seeks to be released. The Government does not oppose Defendant's Motion and agrees that it is appropriate for Defendant to be released. (Gov't Resp. at 1, ECF No. 62.) The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the foregoing reasons, the Court will grant Defendant's Motion for Compassionate Release. Defendant's sentence will be reduced to time served, to be followed by 10 years of supervision.

---

[1] Defendant initially filed an Emergency Motion for Compassionate Release/Reduction In Sentence for Individuals Who Are At Risk for COVID-19 Infection on May 22, 2020 (ECF No. 53). On August 26, 2020, this Court construed said Motion as Defendant's *pro se* Motion Pursuant to Section 603 of the First Step Act of 2018 and ordered the Clerk to appoint the Federal Public Defender to represent Defendant (ECF No. 55). Defendant's counsel filed the Motion now before the Court.

Defendant pled guilty on September 25, 2000, to two counts of a seven-count Indictment: Count 4 – possession with the intent to distribute crack cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1), 860; and Count 6 – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Gov't Resp at 2.) Defendant received a mandatory minimum sentence of 240 months on Count 4 with an additional 60-month term on Count 6 to be served consecutively. (*Id.*) This sentence was to be followed by 10 years of supervision. (J., ECF No. 24.) Defendant is currently incarcerated at FMC Fort Worth and has served over twenty years of incarceration, with a projected release date of February 22, 2022. (Gov't Resp. at 2.)

Defendant is a sixty-four-year-old bilateral amputee, is confined to a wheelchair, and suffers from numerous serious and debilitating health conditions, including: Type 2 diabetes with neurological manifestation and insulin resistance; AIDS; heart failure; atherosclerosis; hypertension; hyperlipidemia; chronic kidney disease; and liver disease. (Def.'s Mot. at 2.) Many of these health conditions are known to cause an increased risk of complications from COVID-19. *People With Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL (Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020)

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations omitted) (quoting 18 U.S.C. § 3582(b)). This Court has no inherent authority to modify a

2

defendant's term of imprisonment once it has become final; rather, Congress must grant this Court the power to do so. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). Accordingly, this Court "'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *Id.* (quoting § 3582(c)).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence on grounds of compassionate release under two circumstances. Such a request must come before the court either: (1) "upon motion of the Director of the Bureau of Prisons;" or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *United States v. McCoy*, _ F.3d _, Nos. 20-6821, 20-6869, 20-6875, 20-6877, 2020 WL 7050097, at *8 (4th Cir. Dec. 2, 2020) ("A defendant may proceed directly to the district court if his request is not acted upon within [thirty days].")

In this case, the Bureau of Prisons has not made a motion on Defendant's behalf. Instead, Defendant submitted his request to the Warden of FCI Danbury on January 17, 2019, which the Warden denied on July 24, 2020, after considering updated medical and case information. (Def.'s Mot at 3.) Defendant filed his Motion, through counsel, seeking judicial relief on September 25, 2020. Thus, for this Court to adjudicate this

matter, it must be the case either that Defendant filed his Motion after exhausting his administrative remedies or that thirty days have lapsed since Defendant submitted his request to the Warden. Defendant filed the Motion more than thirty days after the request to the Warden. Thus, Defendant's Motion is ripe for the Court's review.

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits a court to modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."[2] In so doing, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the need to promote respect for the law, deter criminal conduct, and protect the public. § 3582(c)(1)(A). The United States Sentencing Commission ("Sentencing Commission") issued guidance defining "extraordinary and compelling reasons," of which one sufficient reason is when a "defendant is suffering from a terminal illness . . . [or] a serious physical or medical condition." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1. (U.S. Sentencing Comm'n 2004); *see also United States v. Feiling*, 453 F. Supp. 3d 832, 840–41 (E.D. Va. 2020) (relying on the Sentencing Commission's non-binding policy statements to define "extraordinary and compelling reasons"). Consequently, a severe or terminal medical condition alone can justify a sentence modification. *See Feiling*, 453 F. Supp. 3d at 841. The Court may also consider the severity of the defendant's sentence as compared to sentences pursuant to the First

---

[2] The Court may also grant such a modification if it finds that the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under § 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community. § 3582(c)(1)(A)(ii). However, this provision is inapplicable here as Defendant does not appear to seek relief under this provision.

4

Step Act. *McCoy*, 2020 WL 7050097, at *10 ("[D]istricts courts [may] treat[] as 'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act.").

Here, Defendant has set forth extraordinary and compelling reasons for his release due to his age and health conditions. As discussed above, Defendant's health conditions are serious. Defendant's diagnoses of Type 2 diabetes, heart failure, and chronic kidney disease place Defendant at a high risk for COVID-19 complications. *See People With Certain Medical Conditions*, *supra*. His diagnoses of liver disease, HIV/AIDS, and hypertension can also increase his risk of contracting serious illness from COVID-19. *See id.* Other courts have similarly granted motions for compassionate release in light of a defendant's increased risk of severe illness from COVID-19 due to underlying health conditions. *See, e.g., Woodard v. United States*, 469 F. Supp. 3d 499, 503 (E.D. Va. 2020) (finding the defendant's age of seventy-seven years and underlying heart issues arising from multiple heart attacks extraordinary and compelling); *United States v. Muniz*, _F. Supp. 3d_, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020) (finding the defendant's underlying health conditions—end stage renal disease, diabetes, and hypertension—created a sufficient extraordinary and compelling reason to allow sentence modification). The Court finds that Defendant's age, the serious and declining nature of Defendant's health conditions, and Defendant's heightened risk of complications from COVID-19, are extraordinary and compelling reasons sufficient to modify his sentence.

Additionally, Defendant's disparate sentence also weighs in favor of release. Defendant was sentenced to a total of 300 months on both the crack cocaine offense and the gun charge based upon a guideline range of 240 (restricted) to 293 months of incarceration. (Def.'s Mot. at 27.) Today, Defendant would have had a Base Offense Level of 33 pursuant to §§ 2D.2(a)(2) and 2D1.1, and, with a three-level reduction for pleading guilty, his Total Offense Level likely would be 30. With a Criminal History Category V at his original sentencing, Defendant likely would have a guideline range of 151 to 188 months. Defendant has already served 211 months, which is the sum of a sentence at the low end of the updated guidelines for the drug offense and the mandatory consecutive 60-month sentence for the § 924(c) offense.

Moreover, this Court must consider the sentencing factors as set forth under § 3553(a)—such as the need to promote respect for the law, deter criminal conduct, and protect the public. Defendant has served over eighty percent of his federal sentence and has less than two years of confinement remaining. (Def.'s Mot. at 2–3.) However, Defendant committed a serious drug offense and has a lengthy history of criminal conduct. (Gov't Resp. at 6.) Defendant also has had numerous infractions over the term of his confinement—including three serious infractions in the past three years—but he has not committed any infractions in the past year and a half. (*Id.*; Gov't Resp., Ex. 2.) Furthermore, Defendant participated in numerous educational opportunities, including several college-level accounting classes. (Gov't Resp. at 2–3.) Considering Defendant's serious medical conditions and his limited mobility, there is a decreased risk of any further criminal conduct. Keeping Defendant in custody while he lives in fear of

6

contracting a serious illness due to COVID-19 will not promote respect for the law nor protect the public.

Accordingly, the Court finds that Defendant's motion is ripe, and that Defendant's serious medical conditions are a sufficiently extraordinary and compelling reason to modify his sentence. The Court further finds that Defendant's release will not contravene the sentencing factors under § 3553(a). Thus, Defendant's Motion for Compassionate Release (ECF No. 58) will be granted and the remainder of Defendant's sentence will be reduced to time served.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 22, 2020
Richmond, Virginia